Honorable Robert M. Clayton, III State Representative, District 10 State Capitol Building Jefferson City, MO 65101
Dear Representative Clayton:
We are in receipt of the following for an opinion from this office:
 Does a gubernatorial pardon remove any impediment to receipt of a lottery license by a person who had been convicted of a felony?
While the pardon removes impediments caused by the fact of conviction, it does not remove any other impediments the applicant may have, including those that exist by reason of the conduct that led to the conviction.
The Director of the State Lottery is authorized to issue licenses for lottery game retailers pursuant to rules and regulations adopted by the Lottery Commission. Section 313.255, RSMo. The Director is statutorily barred from licensing any person as a lottery game retailer who has been convicted of a felony. Section 313.260, RSMo. There are additional statutory and regulatory factors that are considered in issuing a lottery license. You have inquired about an individual who was convicted of a felony — burglary and stealing — and received a pardon from Governor Roger B. Wilson on January 8, 2001. The question you posed is whether that pardon removes "any impediments" to the individual being issued a lottery game retailer license.
The effect of a gubernatorial pardon on a license disabling statute has been the subject of debate among courts in the United States. The Missouri Supreme Court addressed this issue in Guastello v. Department ofLiquor Control, 536 S.W.2d 21 (Mo.banc 1976). In that case, a person who held a liquor license was denied a renewal based on a prior conviction for selling intoxicating liquor on a Sunday, even though the individual had received a gubernatorial pardon. The denial of the renewal was based solely on the conviction, and not on lack of good moral character. Id. at 22.
The Supreme Court held that the pardon obliterated the fact of conviction; and, therefore, the conviction could not be used to deny the renewal of the license. But the court specifically observed that when good character is a qualification for a license, the pardon does not restore character. The court specifically rejected the view that guilt is removed by a pardon.
The lottery law lists seven characteristics, other than a conviction, that make a person ineligible for a lottery license. Section 313.260.2, RSMo. The Lottery Commission has issued regulations that list factors to be considered in issuing a license. 12 CSR 4-40.020. The Lottery Commission must decide in the first instance whether or how the conduct that formed the basis of the conviction relates to any of these characteristics or factors. Other convictions that are not the subject of a pardon could be considered as well.
 CONCLUSION
A pardon removes an impediment to a lottery license caused solely by the fact of the conviction for which the pardon was granted, but the conduct that led to the conviction for which the pardon was granted may be considered in assessing other factors used in making licensing decisions.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General